IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICKY A. BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 07-457 |
| VESUVIUS MCDANEL, VESUVIUS, USA, MCDANEL | ) |
| ADVANCED TECHNOLOGIES, INC., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

OPINION and ORDER OF COURT

SYNOPSIS

Defendant seeks the dismissal of a former employee's discrimination claims based upon the contention that the entry of summary judgment in its favor in a prior litigation operates as a res judicata bar to the claims in this proceeding and that the employee failed to timely file administrative action. The Motion to Dismiss is granted insofar as all race, gender and retaliation claims which were asserted, or could have been asserted, in the prior litigation are dismissed on the grounds of res judicata. The disability claim, which was not asserted in the prior litigation, however, is not dismissed as untimely asserted or barred under the doctrine of res judicata.

OPINION

Plaintiff Vicky A. Barrett ("Barrett") previously filed an action against her

1

employers Defendants Vesuvius McDanel and Vesuvius, USA (collectively referred to as "Vesuvius") and McDanel Advanced Ceramics Technologies, LLC ("McDanel"), incorrectly identified in the caption as "McDanel Advanced Technologies, Inc." at Civil Action No. 06-994. ("the 2006 Action"). In that action, Barrett claimed that Vesuvius and McDanel had discriminated against her on the basis of her race and gender, had subjected her to a hostile work environment and had retaliated against her, in violation of 42 U.S.C. § 1981, Title VII, 42 U.S.C. § 2000 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P. A. § 951 et seq. Following Barrett's repeated failures to prosecute her case and her concessions that she had no evidence with which to defeat the Defendants' summary judgment motions, I entered judgment in favor of Vesuvius and McDanel.

Prior to the resolution of that case, Barrett had initiated this case ("the 2007 Action"), also against Vesuvius and McDanel. In this action, Barrett again contends that she was harassed and discriminated against because of her race and gender, that she was subject to a hostile work environment and that she was retaliated against. She also contends, which she did not in the prior litigation, that she was discriminated against because of her age and disability - or perceived disability - and denied a reasonable accommodation.

McDanel has filed a Motion to Dismiss Or In The Alternative A Motion For Summary Judgment. See Docket No. [19].[1] McDanel contends that Barrett's Title VII,

---

[1] Vesuvius also filed a Motion to Dismiss which, on the basis of Barrett's concession that dismissal was appropriate, has been granted.

2

ADA and ADEA claims are barred because she failed to timely file a charge with the Equal Employment Opportunity Commission ("EEOC"). Similarly, McDanel contends that Barrett's PHRA claim is barred based upon the failure to file a timely charge with the Pennsylvania Human Relations Commission ("PHRC"). Finally, McDanel insists that all of Barrett's claims are barred by the doctrine of res judicata.

Barrett concedes that her failure to file a timely charge of age discrimination with the EEOC precludes her from pursuing a claim under the ADEA. See Docket No. [30], p. 3. However, Barrett opposes the Motion on all other grounds. After careful consideration, the Motion is granted in part and denied in part as set forth below.

## Standard of Review[2]

I may dismiss a complaint only if it appears that the plaintiff's claims are implausible. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-69 (2007). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "dismissal is proper." Id. at 1966. In other words, "a wholly conclusory statement of a claim will not survive a motion to dismiss." Id. at 1969. Rather, a plaintiff must set forth facts within the complaint that, if true, suggest plausible grounds for relief. Id. at 1965.

---

[2] McDanel asks, in the alternative, that the Motion be considered as one for summary judgment. I decline to do so. I am permitted to consider matters of public record and orders in disposing of a Motion to Dismiss. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994). For purposes of McDanel's res judicata argument, I need not consider anything beyond the Complaints and the summary judgment Order in the prior case. While McDanel would have me consider Barrett's deposition testimony from the 2006 Action in considering the "timely filing" argument, I find that such testimony is not entitled to dispositive effect with respect to the only remaining claim - that of disability discrimination. Further, I believe that considering factual matters at this juncture, even if those factual matters were not contested in the prior litigation, is premature at this stage.

ANALYSIS

I. RES JUDICATA

McDanel contends that Barrett's claims are barred under the doctrine of res judicata based upon this Court's grant of summary judgment in its favor in the 2006 Action. Res judicata, or "[c]laim preclusion[,] gives dispositive effect to a prior judgment if 'a particular issue, although not litigated, could have been raised in the earlier proceeding.'" Churchill v. Star Enterprises, 183 F.3d 184, 194 (3d Cir. 1999), quoting, U.S. v. Athlone Indus. Inc., 746 F.2d 977, 984 (3d Cir. 1984). "The purpose of claim preclusion is to avoid piecemeal litigation of claims arising from the same events." Churchill, 183 F.3d at 194, citing, Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc. v. Centra, 983 F.3d 495, 504 (3d Cir. 1992). The Third Circuit cautions, however, that "[c]ourts should not apply this conceptual test mechanically, but should focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit." Id., at 194.

For claim preclusion to apply, McDanel must demonstrate that: (1) there has been a final judgment on the merits in a prior suit; (2) the prior suit involves the same parties or their privies; and (3) the subsequent suit is based upon the same cause(s) of action. Id. McDanel easily satisfies the first two requirements. There was a final judgment on the merits in the 2006 Action when summary judgment was entered in favor of all the Defendants and against Barrett. Additionally, the 2006 Action involved Barrett and McDanel, the same parties involved in the present

action. The dispute here involves the third requirement - whether the 2006 Action and the present litigation involve the same cause(s) of action.

"The requirement of an identity of causes of action refers not only to claims actually litigated, but includes all claims arising out of the same transaction or events which could have been litigated in the earlier proceeding." <u>Bieg v. Hovnanian Enterprises</u>, Civ. No. 98-5528, 1999 WL 1018578 at * 3 (E.D. Pa. Nov. 9, 1999) (citations omitted). "A determination of whether two lawsuits are based on the same cause of action 'turns on the essential similarity of the underlying events giving rise to the various legal claims.'" <u>Churchill</u>, 183 F.3d at 194, <u>quoting</u>, <u>Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc. v. Centra</u>, 983 F.3d 495, 504 (3d Cir. 1992). The Third Circuit Court adopts a "broad view" in assessing the similarity of the lawsuits, and focuses upon the underlying events of the two actions. <u>Id</u>., <u>citing</u>, <u>Athlone</u>, 746 F.2d at 984. Accordingly, I must consider the similarity of the acts of which Barrett complains, the material factual allegations in each suit and the witnesses and documentation required to

prevail on with respect to each claim. <u>See</u> <u>Lubrizol Corp. v. Exxon Corp.</u>, 929 F.2d 960, 963 (3d Cir. 1991).

After careful consideration, I find that the 2006 Action and the 2007 Action involve the same claims - at least insofar as those claims relate to harassment and discrimination on the basis of race and gender, as well as a hostile work

environment and retaliation for having complained of the same.[3] Indeed, in each case she seeks redress under the same federal and state statutes. See 2006 Complaint, ¶ 2; 2007 Complaint, ¶ 2. In each case, Barrett contends that the unlawful employment practices began in 1998 and continued until the present. See 2006 Complaint, ¶ 15; 2007 Complaint, ¶ 14.

The 2007 Complaint is devoted mainly to allegations of disability discrimination and does not contain many specific references to gender or race discrimination, but those which are referenced are also contained in the 2006 Complaint. For instance, in the 2007 Complaint, Barrett complains that racial discrimination manifested itself in the fact that few African American employees were employed despite the fact that the plant was located in a predominantly African American neighborhood. See 2007 Complaint, ¶ 14. Barrett asserts the same allegations in the 2006 Action. See 2006 Complaint, ¶ 15(b). Similarly, Barrett complained in both the 2007 Action and the 2006 Action that Caucasian male and female co-workers would bend over in front of her while wearing short shorts, yet did not act in this manner toward Caucasian women. See 2006 Complaint, ¶ 15(m); 2007 Complaint ¶ 14(l). Barrett also references the fact that the Defendants employed only two African American employees other than herself - her friends. See 2006 Complaint, ¶ 15(e) and 2007 Complaint, ¶ 14(j). Given the identical nature of these factual allegations, certainly the witnesses and the documents which would

---

[3] For reasons set forth below, I reach a different conclusion with respect to the claim for disability discrimination.

6

be necessary to prevail upon such claims would be identical.

I recognize that the 2007 Complaint does contain a few allegations not referenced in the 2006 Complaint, namely that Barrett was prevented from "congregating" or socializing with her African American friends Jackith Wynn and Dietra Wright. See 2007 Complaint, ¶ 14(d). Nonetheless, such factual allegations would clearly have fallen within scope of Barrett's claim that she was subject to a "continuous and ongoing hostile work environment, disparate treatment, harassment and discrimination based on sex / gender and /or race harassment and discrimination, threats, intimidation, humiliation and retaliation for protected acts." See 2006 Complaint, ¶ 15(a). Accordingly, Barrett need not have filed a separate EEOC charge with respect to the "congregating" allegation. Further, even if she were, Barrett did file a second EEOC charge and received a Right to Sue notice before the close of discovery in the 2006 Action. She could have sought to amend the 2006 Complaint and / or consolidate the 2007 Action in order to pursue the allegations in one litigation. See Churchill, 183 F.3d at 191 and Bieg v. Hovnanian Enterprises, Inc., Civ. No. 98-5528, 1999 WL 1018578 at * 3 (E.D. Pa. Nov. 9, 1999) (stating that "res judicata bars any such claims that a litigant could have asserted in a prior action including by way of an amended complaint").

Consequently, because I find that the race, gender and retaliation claims raised in the 2007 Action are identical to those raised in the 2006 Action, the summary judgment ruling issued in the 2006 Action is entitled to res judicata effect here. That is, McDanel's Motion to Dismiss on res judicata grounds is granted as to

Barrett's race and gender discrimination, harassment and hostile work environment claims as well as the claims for retaliation.

I reach a different conclusion, however, with respect to Barrett's claim for disability discrimination. McDanel has not identified how the disability discrimination claim relies upon the "same core of underlying facts" as do the race, gender and retaliation claims. While the claims all deal with "discrimination" in a very broad sense, the underlying facts differ substantially. The race and gender claims focus upon being harassed and ostracized by co-workers. The disability claim set forth in the 2007 Action focuses upon being denied a reasonable accommodation. The causes of action involve different federal statutes. Different witnesses and evidence, presumably, would be required to prevail upon the claim.[4] McDanel has not identified any case law where a court has held that res judicata would apply in similar circumstances. Consequently, McDanel has not convinced me that it is entitled to a dismissal of the disability claim based upon the doctrine of res judicata.

---

[4] Were the claims of discrimination all geared to the same event - i.e., termination - I might reach a different conclusion. For instance, if Barrett claimed in the 2006 Action that she had been discharged because of gender and race discrimination and then in the 2007 Action claimed that she had been discharged because of disability discrimination, res judicata might be appropriate. The overriding issue would be McDanel's motivation in terminating Barrett's employment. The witnesses and evidence regarding discharge would be the same in both actions. Here, however, claims of gender and race discrimination in the day to day work environment differ greatly from the disability discrimination claim being asserted by Barrett.

8

II. TIMELY FILING

McDanel contends that the disability discrimination claim[5] should be dismissed because Barrett failed to timely file a charge with the EEOC and / or the PHRC. It is well established that a claim under the ADA must be filed with the EEOC within 300 days of the alleged discriminatory acts. See 42 U.S.C. § 2000e-5(e)(1). Similarly, a claim of discrimination must be filed with the PHRC within 180 days of the alleged discriminatory acts. See 43 P.S. § 962. Here, Barrett filed her charge with the EEOC on December 13, 2006. See Docket No. [30-2]. McDanel contends that Barrett's last day of active employment was on August 29, 2005 and that, because Barrett failed to file her administrative charge within 300 days of this date, dismissal is warranted. See Docket No. [20], p. 5.

I disagree. McDanel's argument ignores Barrett's allegations relating to the 2006 calendar year - during which she contends she sought and was denied a reasonable accommodation and was re-injured. See Complaint, ¶ 14(a)-(o). To the extent that McDanel believes I need not consider these allegations because, in the 2006 Action, Barrett testified that her last day at work for McDanel was August 29, 2005, I have already determined that the 2006 Action does not operate with res judicata effect as to the disability claim. Consequently, a statement that Barrett made in the 2006 Action is not dispositive here. Certainly, it may have evidentiary value as the case develops, but at this juncture it cannot justify the dismissal of the

---

[5] Because the race, gender and retaliation claims have been dismissed on the basis of res judicata, and because Barrett concedes her age discrimination claim is not viable, I limit my discussion in this context to the disability claim.

action. The Motion is denied.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER OF COURT

AND NOW, this **28th** day of August, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion to Dismiss (Docket No. [19]) is granted insofar as Barrett's state and federal claims of race and gender discrimination and hostile work environment as well as retaliation arising from having complained of the same, are dismissed on the basis of res judicata. Barrett's state and federal claim of age discrimination is dismissed based upon Barrett's concession that such claim is not viable given her failure to timely file an administrative charge with respect to the same. The Motion is denied, however, insofar as it relates to Barrett's claim for disability discrimination.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge